IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAVIER MACIAS and JOY HOAR, § § Plaintiffs, § § v. § § BF WASTE SERVICES OF TEXAS, LP; § REPUBLIC SERVICES ALLIANCE § GROUP, INC., a Texas Corporation; and § REPUBLIC SERVICES, INC., d/b/a § REPUBLIC WASTE SERVICES GROUP § OF TEXAS, INC., a Delaware Corporation § § Defendants. § | NO. 2:16-CV-00245-J |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' *Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)*, filed on February 13, 2017. Defendants responded on April 3, 2017, and Plaintiffs replied on April 27, 2017. Plaintiffs request that the Court conditionally certify the class of plaintiffs who worked in Defendants' Amarillo facility as drivers, and authorize notice to potential class members. For the reasons stated below, this Motion is GRANTED, provided certain conditions are met.

### Plaintiffs' FLSA Claims and Basic Factual Allegations

Plaintiffs were employed as drivers and paid hourly in Defendants' Amarillo waste-management facility from 2014 until late 2016, and filed suit individually and on behalf of other persons similarly situated. Plaintiffs allege that Defendants violated the Fair Labor Standards Act (FLSA) by not paying Plaintiffs for regular time and overtime for all hours worked. Specifically, Defendants allegedly deducted thirty minutes for lunch when Plaintiffs did not take a lunch and altered time sheets to inaccurately reflect the number of actual hours worked.

1

Defendants argue that the class should not be certified because there is already pending litigation in the Southern District of Texas to which this potential class is a subset. Defendants also contend that certifying this class is not proper because Plaintiffs "have not demonstrated that they and the proposed collective-action members together were victims of a common policy or plan that violates the FLSA." *Defendant's Response*, p. 2. Next, Defendants state that each potential class member's claim "would involve numerous, highly individualized and fact-intensive questions," rendering the case unsuitable for class certification. *Id.* at 3. Defendants also point out several alleged deficiencies with Plaintiffs' proposed notice, and request time to confer with Plaintiffs and submit a joint proposed notice form.

## Legal Standard

Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of himself and others similarly situated, provided that any person who desires to become a part of the collective action provides written consent. 29 U.S.C. § 216(b). District courts have discretion to facilitate notice to potential plaintiffs in implementing collective action procedures. *See, e.g., Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 705 (N.D. Tex. 2008). The plaintiff bears the burden of proving that notice is appropriate and that a class of similarly situated employees exists. *See Aufleger v. Eastex Crude Co.*, No. 2:05-CV-0310-J, 2006 WL 2161591, at *1 (N.D. Tex. July 31, 2006) (Robinson, J.). Although the Fifth Circuit has declined to adopt a specific test to determine when courts should exercise their discretion to certify a collective action or facilitate notice, this Court has adopted the prevailing two-step test. *See Hernandez v. Bob Mills Furniture Co. of Texas, LP*, No. 2:10-CV-0243-J, 2011 WL 915788, at *2 (N.D. Tex. Mar. 15, 2011) (Robinson, J.); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n. 2 (5th Cir. 2008) (noting that collective actions "typically proceed" this way); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995)

(finding no abuse of discretion when district court applied this standard), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91 (2003).

Under this test, a two-step analysis is used to answer whether plaintiffs provided sufficient evidence that the potential plaintiffs are similarly situated to warrant court-facilitated notice. The district court makes the decision on whether to authorize notice based only on the pleadings and any affidavits. This step results in "conditional certification" of a class. The second step is generally precipitated by a motion for "decertification" after notice, time for opting in, and discovery have taken place. If the court finds that the plaintiffs in the class are no longer similarly situated, the court can at that time decertify the class and dismiss the opt-in plaintiffs without prejudice. *Mooney*, 54 F.3d at 1213–1214; *Songer*, 569 F. Supp. 2d at 706.

In the first step, the granting of "conditional certification," the plaintiff must provide substantial allegations of a single policy of discrimination, and the court may consider such factors as whether or not potential plaintiffs have been identified, whether those potential plaintiffs submitted affidavits, and whether evidence of a widespread discriminatory plan has been presented. *Songer*, 569 F. Supp. 2d at 706 (citation omitted); *Stiles v. FFE Transp. Servs., Inc.*, No. 3:09-CV-1535-B, 2010 WL 935469, at *2 (N.D. Tex. Mar. 15, 2010). It is the plaintiff's burden to show that the proposed class of employees is similarly situated with respect to job requirements and pay provisions. *See Vacho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008). "The positions need not be identical, but similar." *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-CV-0776-D, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004).

The court is generally more lenient with regard to similarity during the notice stage of the analysis, but "notice is by no means mandatory." *Harris v. Fee Transp. Servs., Inc.*, 2006 WL 1994586, at *2 (N.D. Tex. May 15, 2006) (citing *Hall v. Burk*, No. 3:01-CV-2487-H, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002)). "[T]he relevant inquiry in each particular case is

whether it would be appropriate to exercise [the court's] discretion" to facilitate notice. *Id.* A primary reason for exercising this discretion is to ensure that the joining of other parties occurs in an orderly, sensible, efficient, and proper way. *See Hoffmann–La Roche*, 493 U.S. at 170–71. The use of court-facilitated notice can ensure that information is timely, accurate, and informative, and it can also guard against abuse by misleading communications. *Id.* at 171–72. Although court-facilitated notice can ensure that information is timely and accurate, the Court has a responsibility to avoid unwarranted solicitation and undue burden to an employer. *Vacho*, 574 F. Supp. 2d at 622. Thus, the Court should be satisfied that there are other similarly situated employees before granting certification. *Id.*

## Discussion

The Court first considers whether plaintiffs have produced sufficient evidence that there are similarly-situated plaintiffs. The Court concludes that they have.

In support of their contention that members of the class are similarly situated with respect to job requirements and pay provisions, Plaintiffs state in their reply that the members of the putative class were all employed as drivers in Defendants' Amarillo facility, and thus subject to the same 30-minute mandatory lunch policy. Defendants originally averred this fact in support of their argument against certifying a broader class that consisted of all hourly employees (not just drivers). Thus, the Court finds that a more narrow class consisting only of drivers in Defendants' Amarillo facility is reasonable in scope and conducive to judicial efficiency. This conclusion is further supported by the fact that a court in the Southern District of Texas has already certified a similar class consisting of "all waste disposal drivers employed by Republic Services, Inc. and/or any of its subsidiaries . . . anywhere in the United States other than North or South Carolina, at any time during the last three years." *Defendants' Brief in Support*, p. 10 (citing *Taylor v. Republic Servs., Inc.*, No. 2:16-CV-502 (S.D. Tex.)). Because the putative class is narrowly defined as all drivers in

4

Defendants' Amarillo facility, plaintiffs have sufficiently demonstrated that all class members are similarly situated with respect to job requirements and pay provisions. While the Court agrees that the putative class is a subset of the class members in *Taylor*, this can be remedied by either consolidating these cases or excluding drivers employed at the Amarillo facility from the *Taylor* class.

Second, Plaintiffs must provide evidence that the putative class was subject to a common policy or plan that violates the FLSA. In their original complaint, Plaintiffs include two affidavits that allege that employees were not paid overtime and were charged for unpaid lunchbreaks that they did not take. *See Declaration of Javier Macias*, p. 1; *First Declaration of Joy Hoar*, p. 1. Defendants implicitly concede in their response that the members of the putative class were subject to a common policy concerning timekeeping and meal breaks. Although Defendants dispute the legality of the policy (and what the policy requires of its employees), they do not contest that the members of the putative class were subject to the same policies, as reflected in their brief. *See Defendants' Brief in Support*, pp. 3–7, 14. At least one plaintiff, Joy Hoar, states that employees "were not trained properly on how to fill out the paperwork that directly affects [their] pay," and that she "was told that Republic was not responsible for pay missed because [she] was not trained properly on how to complete the paperwork." *Second Declaration of Joy Hoar*, p. 2.

Because this case is in the notice stage, the Court will not analyze the legalities of the policies at this time, and it would be improper to weigh conflicting evidence and resolve disputed factual issues. At this stage, Plaintiffs are required only to provide substantial *allegations* that the potential class members were subject to a single decision, policy, or plan that violated the FLSA, which they have done.

Next, Defendants argue that Plaintiffs' claims will involve highly individualized assessments and fact-intensive questions that render the matter unsuitable for a collective action.

5

The Court concludes that a possible, or even probable, need for individualized assessments is not a sufficient reason to deny conditional certification under the facts of this case.

Defendants rely primarily on *Jones v. Xerox Commercial Solutions* to support their contention that class certification is improper because individualized questions of fact predominate. *Jones*, however, is distinguishable from the present case.

In *Jones*, the court notes:

> Defendant poses a bevy of reasons why Plaintiffs are not similarly situated. In particular, Defendant focuses on Plaintiffs' various job titles, work positions, work locations, schedules, and reporting structures. (citation omitted) Defendant also focuses on the various compensation systems under which Plaintiffs were compensated. (citation omitted)

*Jones v. Xerox Commer. Sols., LLC*, No. 4:13-cv-650, 2013 U.S. Dist. LEXIS 158793, at *18 (S.D. Tex. Nov. 6, 2013). The parties in *Jones* sought to certify a significantly broader class consisting of members employed in many locations with different computer-based timekeeping programs across the entire state of Texas. *See id.* at 19–20. In contrast, the plaintiffs in this case aim to certify a much more narrow class consisting of drivers employed in Defendants' Amarillo facility who are all subject to similar pay policies. Therefore, the Court recognizes that some individualized assessments regarding damages may be necessary, but the putative class, at this stage, is similarly situated so as to avoid "an unmanageable series of mini-trials." *Defendants' Brief in Support*, p. 21.

Defendants also state that their right to raise claimant-specific defenses will further complicate the class action. Although the need for individual testimony regarding factual allegations and defenses may become apparent at a later stage of this lawsuit, it does not negate that plaintiffs have presented a "factual nexus" that binds the named plaintiffs and the potential class members. *See, e.g., Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex.

6

2008) (Robinson, J.) (quoting *Heagney v. European Am. Bank,* 122 F.R.D. 125, 127 (E.D.N.Y. 1988)). That factual nexus is the alleged practice of Defendants' failing to pay regular and overtime to workers who worked through meal breaks and off the clock from November 10, 2013, through the date of this Order. Such a showing is sufficient to support conditional certification.

## Conclusion

The Court grants Plaintiffs' Motion, but acknowledges that these potential plaintiffs are a subset to an already-certified class in the Southern District of Texas. Therefore, the class is certified upon the condition that this case either be transferred for consolidation with *Taylor v. Republic Services, Inc.* in the Southern District of Texas, or in the alternative, the parties are to exclude drivers in the Amarillo area from the certified class in the Southern District of Texas so that this case will remain in the Northern District. If the parties have additional suggestions as to how to proceed, they may so inform the Court.

The parties are ORDERED to meaningfully confer to determine how this class action will proceed. The parties are to inform the Court of their decision on how this class action will proceed within fourteen (14) days from the date of this Order. If the parties determine that this case will remain in the Northern District, the parties shall also meet and confer on the proposed notice to potential plaintiffs, and provide the Court with a joint notice form within twenty-one (21) days from the date of this Order.

IT IS SO ORDERED.

Signed this the 9th day of May, 2017.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**

7